UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK MCDONALD,

                                        Plaintiff,

         v.                                                          Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC.,

                                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants'
   violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter
   "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and
   unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter
   referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact
   business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Patrick McDonald is a natural person residing in the County of Erie and State of
   New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant, Portfolio Recovery Associates, LLC. ("PRA") is a foreign limited liability
   company organized under the laws of Delaware doing business in the State of New York.

6. Defendant regularly attempts to collect debts alleged to be due another.

7. That at all times relevant herein, Defendant owned, operated and/or controlled "customer
   premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated,
   routed, and/or terminated telecommunications.

1

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. The acts Defendant alleged hereinafter were performed by its respective employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

14. Upon information and belief, Plaintiff, incurred credit card debt to Capital One Bank. This account will be referred to as "the subject debt" in this complaint.

15. This debt will be referred to as the "subject debt. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

16. That upon information and belief, the Defendant allegedly acquired the subject debt from Capital One Bank sometime after Plaintiff allegedly defaulted on the account.

17. That in or about July 10, 2019, Defendant began calling the Plaintiff on his cellular telephone in order to attempt to collect the subject debt.

18. That in or about July 10, 2019, Defendant began calling Plaintiff on his cellular telephone multiple times per week and sometimes multiple times per day, in an attempt to collect on the subject debt.

19. That Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

20. That in or about of September 2019, Defendant called the Plaintiff on his cellular telephone regarding the subject debt. That during this conversation, Plaintiff told the Defendant to stop calling his cellular phone.

21. In or about January 20, 2020, Defendant contacted the Plaintiff's stepson by calling his cellular telephone number. During this conversation, Defendant did not state they were calling for location information.

22. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

23. That when Plaintiff answered the calls from the Defendant, there would be a pause and then a clicking noise, followed by a representative then coming on the line.

24. Despite Plaintiff not providing express consent to the Defendant to receive calls to his cellular telephone by an ATDS, Defendant knowingly and deliberately called Plaintiff on his cellular telephone using an automatic dialing system as defined by the TCPA.

25. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

26. That Plaintiff was annoyed and upset over the continued calls to his cellular telephone.

27. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
### (Fair Debt Collection Practices Act
### and 15 U.S.C. §1692 et seq.)

28. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above.

29. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C §1692b(1) and 15 U.S.C §1692cb by calling stepson for reasons other than location information and not stating the purpose of the call was to acquire Plaintiff's location information.

30. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

3

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

32. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

39. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 7, 2020

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
        khiller@kennethhiller.com